IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SPRINGFIELD DIVISION

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

SHERRY M. DEGGINGER
a/k/a Sherry M. Wilmovsky,

    Defendant.

Civil Case No. 3:15-cv-5115

## COMPLAINT

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") states and alleges the following for its claims against Defendant Sherry M. Degginger a/k/a Sherry M. Wilmovsky ("Defendant").

### Nature of the Dispute

1. This is an action for conversion, money had and received, unjust enrichment, and recovery under Mo. Rev. Stat. § 400.3-418. Defendant knowingly and willfully misrepresented herself as the beneficiary of a savings account held at and administered by Wells Fargo to facilitate her wrongful withdrawal of over $63,000 from the account for her personal gain.

### The Parties

2. Wells Fargo is national banking association located in the state of South Dakota for purposes of 28 U.S.C. §1348.

3. Defendant is a citizen of the State of Missouri and, upon information and belief, resides in Joplin, Missouri. Upon information and belief, Defendant's current legal name is Sherry M. Degginger. Previously, and for all times relevant to the events described herein, Defendant was known as Sherry M. Wilmovsky.

1

## Jurisdiction and Venue

4. This Court has personal jurisdiction over Defendant, a Missouri citizen.

5. This Court has subject matter jurisdiction over the claims based on diversity of citizenship under 28 U.S.C. § 1332. Wells Fargo and Defendant are citizens of different states, and Wells Fargo seeks damages in excess of $75,000, exclusive of interest and costs. In particular, Wells Fargo seeks to recover $63,634.88 in actual damages and punitive damages in the amount of $20,000.00.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant resides in this Judicial District. Under this Court's Local Rules, venue is proper in the Springfield Division of this Court because Defendant resides in Jasper County, Missouri.

## General Allegations

7. On April 15, 1991, Albert F. Wilmovsky III ("Albert III") opened a savings account (the "Account") at a retail branch location of Wells Fargo in California. The number associated with the Account was 6010688950.

8. Albert III had two children: (1) Albert F. Wilmovksy IV ("Albert IV") and (2) Defendant. Upon information and belief, Defendant is Albert IV's half-sister.

9. By October 12, 2000, the Account was owned by "Albert F. Wilmovsky ITF Albert Wilmovsky IV." "ITF" means "in trust for."

10. On November 9, 2006, Albert III created The Albert F. Wilmovksy, III Living Trust. In it, Albert III named Albert IV as the sole beneficiary of the Account.

11. On June 3, 2012, Albert III granted Albert IV special Power of Attorney over the Account. With special Power of Attorney, Albert IV was entitled to take all actions that Albert III could take concerning the Account.

12. On June 8, 2012, Albert III completed a "Relationship Change Application" with Wells Fargo that formally granted Albert IV sole Power of Attorney over the Account. As of June 8, 2012, the Account was designated as payable on death to Albert IV.

13. Because the Account was designated as payable on death to Albert IV, he was the sole beneficiary and sole person entitled to the Account in the event of Albert III's death.

14. On June 26, 2012, Albert III died in Los Angeles, California.

15. On August 6, 2012, Defendant traveled to the Trailwood Wells Fargo retail branch located at 5301 West 95th Street, Overland Park, Kansas 66207 (the "Trailwood branch"). There, she withdrew the entire balance of the Account and then closed the Account.

16. On August 6, 2012, the Account contained $63,258.59.

17. Defendant was not a beneficiary of the Account, the Account was not in her name, and Wells Fargo possesses no records or other indication that Defendant had any right to the Account.

18. Nevertheless, Defendant presented herself at the Trailwood branch on August 6, 2012 and knowingly, willfully, and falsely represented to Wells Fargo that she was the beneficiary of the Account with the right to withdraw its entire funds.

19. Defendant presented a copy of Albert III's death certificate to the Wells Fargo representative assisting Defendant.

20. Defendant also completed an "Affidavit of Collection of Estate Assets" (the "Affidavit"). The Affidavit is attached hereto as Exhibit A.

21. In the Affidavit, Defendant knowingly and falsely swore under oath that:

    a. she was Albert III's "successor" to his interest in the Account; and

    b. "No other person has a superior right to the interest of the decedent in the

described property."

22. Based on Defendant's misrepresentations, Wells Fargo distributed the entire balance of the Account to her. Specifically, Wells Fargo issued Defendant (a) a cashier's check in the name of Sherry Wilmovsky in the amount of $53,416.09 and (b) $9,842.50 in cash. The cashier's check was numbered 6706000291 and is attached to this Complaint as Exhibit B.

23. Defendant took the cashier's check and deposited it in her personal account at U.S. Bank. Wells Fargo paid the full amount of the cashier's check on August 7, 2012.

24. On June 16, 2014, Albert IV went to the Wells Fargo branch in Pico Rivera, California to withdraw money from the Account. There, he was informed that the Account had been closed.

25. Albert IV then notified Wells Fargo that he was the rightful beneficiary of the Account and that Defendant had no legal right to any of its contents. On July 28, 2015, Wells Fargo issued a cashier's check to Albert IV in the amount of $63,634.88. This amount consisted of the $63,258.59 principal balance of the Account that defendant withdrew, plus $376.29 in interest.

26. As a result, Defendant's wrongful, willful, and wanton actions have caused Wells Fargo to suffer $63,634.88 in actual damages.

## Count I
### (Conversion)

27. Wells Fargo incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth herein.

28. As the depositary institution for the Account, Wells Fargo rightfully had control over, and possession of, the Account.

29. On August 6, 2012, Defendant knowingly and willfully misrepresented herself as the successor of Albert III and the beneficiary of the Account in order to exercise control over, and possession of, the Account, withdraw $63,258.59 in her name, and close the Account.

30. Wells Fargo issued the cashier's check numbered 6706000291 in Defendant's name in the amount of $53,416.09. Wells Fargo paid the balance of the Account to Defendant in cash.

31. The cashier's check is a specific chattel.

32. Defendant took possession of the cashier's check with the intent to possess it as evidenced by her action to deposit the cashier's check into her personal U.S. Bank account. In doing so, Defendant appropriated money under the possession of Wells Fargo for the benefit of Albert IV in a way that indicated a claim in opposition to Wells Fargo's possession of the Account for the benefit of Albert IV.

33. By depositing the cashier's check in her personal U.S. Bank account, Defendant thereby deprived Wells Fargo of the right to possess the $53,416.09 encompassed by the cashier's check for the benefit of Albert IV.

34. Wells Fargo was thereby damaged. Wells Fargo was forced to address with Albert IV the taking of the Account by Plaintiff.

35. Defendant knowingly and falsely represented that she was the rightful successor to the Account when she knew that Albert IV was in truth the sole beneficiary of the Account. In doing so, Defendant acted wantonly, willfully, and with reckless disregard for the consequences of her actions, for which punitive damages are warranted.

## Count III
### (Money Had and Received)

36. Wells Fargo incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth herein.

37. On August 6, 2012, Defendant received and obtained possession of the full funds in the Account. Defendant thereby obtained a benefit of $63,258.59.

38. Defendant was not a beneficiary of the Account and had no right to accept any of its contents. Defendant's acceptance and retention of the contents of the Account was and is unjust.

39. As a direct result of Defendant's unjust actions, Wells Fargo was forced to pay Albert IV, the true and only beneficiary of the Account, $63,634.88. This amount includes the principal amount in the Account plus $376.29 in interest.

## Count IV
### (Unjust Enrichment)

40. Wells Fargo incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth herein.

41. On August 6, 2012, Defendant withdrew the full amount of the Account when she was not entitled to the fund and thereby received a benefit. Wells Fargo later compensated Albert IV, the only beneficiary of the Account and the individual to whom the Account was due, and thereby conferred a benefit on Defendant in the amount of $63,258.59.

42. Defendant deposited the cashier's check in the amount of $53,416.09 in her personal U.S. Bank account.

43. Defendant has accepted and retained the $63,258.59 under circumstances in which retention would be inequitable. As a direct result of Defendant's unjust actions about her

status as beneficiary of the Account, Wells Fargo was forced to pay the true and only beneficiary, Albert IV, $63,634.88. This amount includes the principal balance of the Account plus $376.29 in interest.

## Count V
### (Recovery under Mo. Rev. Stat. § 400.3-418)

44. Wells Fargo incorporates by reference the allegations in all paragraphs of this Complaint as though fully set forth herein.

45. On August 6, 2012, Wells Fargo issued the cashier's check to Defendant from the Account in the amount of $53,416.09.

46. In doing so, Wells Fargo acted on the mistaken belief that Defendant was authorized to draw on the Account.

47. Defendant deposited the cashier's check in her personal U.S. Bank account.

48. Under Mo. Rev. Stat. § 400.3-418, Wells Fargo is entitled to recover the amount of the cashier's check from Defendant.

### Request for Relief

WHEREFORE, plaintiff Wells Fargo prays for judgment against Defendant Sherry M. Degginger a/k/a Sherry M. Wilmovsky and in favor of Wells Fargo for actual damages in an amount that is fair and reasonable; pre-judgment and post-judgment interest; costs of suit; punitive damages in the amount of $20,000; and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BRYAN CAVE LLP


By: s/ Curtis Shank
    Jennifer A. Donnelli, Mo. Bar # 47755
    C. Curtis Shank, Mo. Bar # 66221
    1200 Main Street, Suite 3800
    Kansas City, Missouri 64105
    Telephone: 816.374.3200
    Facsimile: 816.374.3300
    jadonnelli@bryancave.com
    curtis.shank@bryancave.com

Attorneys for Plaintiff Wells Fargo